```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

RUDDY QUEZADA,

                    Petitioner,

     -against-                              **MEMORANDUM AND ORDER**
                                            08-CV-5088 (KAM)
WILLIAM BROWN,
Superintendent Eastern NY
Correctional Facility,

                    Respondent.

------------------------------------X
```

**MATSUMOTO, United States District Judge:**

On December 17, 2008, petitioner Ruddy Quezada ("petitioner") filed the instant petition for a writ of habeas corpus, arguing, *inter alia,* (1) that the main trial witness against him had recanted his testimony and (2) that another individual had confessed to the crime for which he was convicted. (ECF No. 1, Petition under 18 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody.)  On February 7, 2011, petitioner moved for discovery pursuant to Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 6").  (ECF No. 27, Memorandum of Law in Support of Petitioner Ruddy Quezada's Motion for Discovery.)  On February 22, 2011, the court heard oral argument on petitioner's motion. The court found that petitioner had provided good cause in

support of his request for discovery and granted petitioner's motion on the record, subject to petitioner's agreement to narrow and specify his requests to the extent possible. (*See* Order dated 02/22/2011.)

The court has since received respondent's motion for reconsideration of the court's February 22, 2011 Order based on its view that an intervening change in controlling law has occurred. (ECF No. 35, Notice of Motion to Reargue Order Granting Discovery; Affidavit in Support of Motion to Reargue Order Granting Discovery; Memorandum of Law ("Reconsid. Mem.").) Petitioner opposes respondent's motion for reconsideration. (ECF No. 36, Petitioner Ruddy Quezada's Memorandum of Law in Opposition to Motion to Reargue Order Granting Discovery ("Pet. Mem.").) For the following reasons, respondent's motion is denied.

## STANDARD

Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation and internal quotation marks omitted). Accordingly, in the Second Circuit, a motion for reconsideration or reargument will generally be denied unless the moving party

can point to controlling decisions or data that the court overlooked, and which the movant could reasonably believe would have altered the court's original decision. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Shearard v. Geithner*, No. 09-CV-0963, 2010 U.S. Dist. LEXIS 53255, at *2-3 (E.D.N.Y. May 30, 2010); Local Civil Rule 6.3. "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Cordero v. Astrue*, 574 F. Supp. 2d 373, 379-80 (S.D.N.Y. 2008) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

## **DISCUSSION**

Respondent argues that the United States Supreme Court's decision in *Cullen v. Pinholster,* 131 S. Ct. 1388 (2011), is an intervening change in controlling law that requires the court to reconsider its ruling to grant discovery to petitioner. Having reviewed respondent's motion and the *Pinholster* decision, the court finds that respondent's motion does not satisfy the demanding standard for reconsideration.

First, respondent's motion is not timely. Pursuant to Local Civil Rule 6.3, a motion for reconsideration or reargument must be made within fourteen days after entry of the court's

determination on the original motion. Local Civil Rule 6.3. Under Fed. R. Civ. P. 60, a motion for relief must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Here, the event triggering respondent's motion – the Supreme Court's decision in *Pinholster* – occurred on April 4, 2011. Respondent then delayed over six weeks, until May 20, 2011, to inform the court that it wished to move for reconsideration. (*See* ECF No. 30, Letter requesting pre-motion conference from counsel for respondent, dated May 20, 2011.) To explain the delay, counsel argues that (1) she needed a reasonable amount of time to study the *Pinholster* decision and how the lower federal courts were interpreting that decision; (2) she believed that she was required to file a letter requesting a pre-motion conference before filing any motion for reconsideration; and (3) she believed that because the respondent was not seeking to stay discovery during the pendency of the instant motion, the instant motion did not have be made with the same degree of immediacy that would have been warranted if the respondent had been seeking to stay discovery during the pendency of the motion. (Reconsid. Mem. at 8-9.) The court finds counsel's arguments to be without merit. While counsel is correct that the court's practices require that an attorney file a letter requesting a pre-motion conference prior to filing a motion, counsel could have advised

the court sooner than six weeks after the Supreme Court's decision that she was filing a motion for reconsideration. Furthermore, counsel's "belief" that her motion "did not have be made with the same degree of immediacy" because she was not requesting a stay of discovery during the pendency of the motion is not supported by any authority and is thus not persuasive to the court. Accordingly, respondent's motion is untimely.

Even if the court were to deem respondent's motion timely, it would fail on the merits. First, *Pinholster* is not controlling law regarding discovery in habeas cases. While *Pinholster* addresses the question of whether a district court can consider new evidence when assessing whether a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law" under 28 U.S.C. § 2254(d)(1), it does not mention discovery in the context of a habeas petition nor does it reference *Bracy v. Gramley,* 520 U.S. 899 (1997) or Rule 6, upon which the court relied in reaching its original decision to grant petitioner's discovery motion. *See, e.g., Conway v. Houk,* No. 07-cv-947, 2011 U.S. Dist. LEXIS 57228, at *9-10 (S.D. Ohio May 26, 2011) (noting that "*Pinholster* did not . . . alter or even speak to the standards governing discovery set forth in [Rule 6] and *Bracy v. Gramley*" and finding that omission "reason enough to refrain from invoking

5

*Pinholster's* restrictions at the discovery phase"). If the court were to adopt respondent's reading of *Pinholster,* it would render completely meaningless Rule 6 and require the court to determine that *Bracy v. Gramley* is no longer applicable to discovery determinations. Second, as petitioner notes, *Pinholster* addresses only 28 U.S.C. § 2254(d)(1) and petitioner here is pursuing a writ of habeas corpus on several theories, in addition to 28 U.S.C. § 2254(d)(1). Under these circumstances, *Pinholster* does not control. *See e.g., United States ex rel. Brady v. Hardy,* No. 10-C-2098, 2011 U.S. Dist. LEXIS 44570, at *8-9 (N.D. Ill. Apr. 25, 2011) (finding that *Pinholster* did not apply to the court's determination regarding whether an evidentiary hearing was required to address petitioner's actual innocence claim).

Accordingly, in addition to being untimely, respondent's motion is denied on the merits.

### CONCLUSION

For the foregoing reasons, respondent's motion for reconsideration is denied. The parties shall adhere to the court's previous order to provide discovery.

**SO ORDERED.**

Dated: Brooklyn, New York
October 19, 2011

          /s/
Kiyo A. Matsumoto
United States District Judge